UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OWEN HARTY, Individually, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. |
| | : |
| BALA CORPORATION, A New Jersey Profit Corporation, | : |
| | : |
| Defendant. | : |
| _____ | : |

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues Defendant, BALA CORPORATION, A New Jersey Profit Corporation, (referred to hereinafter as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that Defendant owns, operates, leases or leases to is a place of lodging known as Lodge Inn Wrightstown, 54 Fort Dix Street, Wrightstown, NJ 08562, and is located in the County of Burlington, (hereinafter "Property").

4. Venue is properly located in the DISTRICT OF NEW JERSEY because venue lies in the judicial district of the property situs. Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that its place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

7. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

8. These regulations became effective March 15, 2012.

9. Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains a website for the Property which contains an online reservations system. This website is located at: https://www.expedia.com/Trenton-Hotels-Lodge-Inn.h1768435.Hotel-Information?chkin=9%2F25%2F2018&chkout=9%2F26%2F2018&rm1=a2&hwrqCacheKey=610e3daa-d9ae-461b-8502-1da6c22a821dHWRQ1532783190127&cancellable=false&regionId=6056692&vip=false&c=ad8337bf-8cc4-4e4d-90f2-f6970c31cca3&&exp_dp=54&exp_ts=1532783187667&exp_curr=USD&swpToggleOn=false&exp_pg=HSR and http://lodgeinnwrightstown.com/. This term also includes all

websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

10. Prior to the commencement of this lawsuit, Plaintiff visited the website for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public.

11. In the near future, Plaintiff intends to revisit Defendant's website and/or online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

12. Plaintiff is continuously aware that the subject website remains non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless he is willing to suffer additional discrimination.

13. The violations present at Defendant's website infringe upon Plaintiff's right to travel free of discrimination and deprive him of the information required to make meaningful

choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate a website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the website unless he is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

14. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to modify its website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to this website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant.

16. Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

17. Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

18. Defendant has discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e).  Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the subject website to make it readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b. Injunctive relief against Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

GARIBIAN LAW OFFICES, P.C.

By: */s/Antranig Garibian*
Antranig Garibian, Esq.
New Jersey Attorney No.: 008492005
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
Email: ag@garibianlaw.com
*Attorneys for Plaintiff*

THOMAS B. BACON, P.A.

By: _____
John F. Ward, Esquire (I.D. No. 81350)
329 S. Devon Rd.
Wayne, PA 19087
Phone: 610-952-0219
Fax: 954-237-1990

                                        johnfward@gmail.com

                                        Thomas B. Bacon, Esquire (I.D. No. 58629)
                                        644 North McDonald St.
                                        Mt. Dora, FL 32757
                                        Phone 954-478-7811
                                        Fax:  954-237-1990
                                        tbb@thomasbaconlaw.com

Date: February 15, 2019